IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREL MARTINEZ,

          Plaintiff,

    v.

THE STATE OF DELAWARE
DEPARTMENT OF HOMELAND
SECURITY/ DIVISION OF THE STATE
POLICE; ALICE BAILEY, in her
individual and official capacities; and
NATHANIEL MCQUEEN, JR., in his
individual and official capacities,

          Defendants.

C.A. No. 1:16-cv-00564-GMS

JURY TRIAL DEMANDED

---

TO:   Mr. Sean McDerby
      C/o Michael McTaggart, Esq., Delaware Department of Justice
      Carvel State Building, 820 North French Street, 6th Floor
      Wilmington, DE 19801

[ ]   **YOU ARE COMMANDED** to appear in the Delaware Superior Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[X]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Offit Kurman, P.A.<br>One Commerce Center<br>1201 N. Orange St., Ste 10 East<br>Wilmington, DE 19801 | Monday, April 30, 2018 @8:30a.m. |

[ ]   **YOU ARE COMMANDED**

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

[ ]   **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Delaware Superior Court Civil Rule 30(b)(6)*

REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER
Anthony N. Delcollo, Esquire, Attorney for Plaintiff
Offit Kurman, P.A., 1201 N. Orange St., Ste 10th East, Wilmington, DE 19801
302-351-0903

ISSUING PARTY'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
DATE: 4/23/18

00400736

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action  (Page 2)

Civil Action No. 1:16-cv-00564-GMS.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

I received this subpoena for *(name of individual and title, if any)* **Sean McDerby**, on **4/24/2018**.

[ X ] I served the subpoena by delivering a copy to the named person as follows: **Kary Henry, administrative assistant, c/o Michael McTaggart, Esq. Delaware Department of Justice, 820 North French Street, 6th Floor, Wilmington, DE 19801** on *(date)* **4/24/2018** at **1:05 p.m.**; or

[ ] I returned the subpoena unexecuted because :

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fee for one day's attendance, and the mileage allowed by law, in the amount of $___.

My fees are $_____ for travel and $_____ for services, for a total of $___0.00_____.

I declare under penalty of perjury that is information is true.

Date: **4/26/2018**

*Server's signature*

**Victoria P. Konkiel**, Special Process Server

O'Rourke Investigative Associates, Inc.
1225 North King Street, Suite 400
P. O. Box 368
Wilmington, DE 19899-0368

Additional information regarding attempted service, etc:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rules of Civil Procedure 45 (c), (d), (e) and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is the party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business sin person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protection of Persons Subject to Subpoenas; Enforcement**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for the issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonably attorney's fees – on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless commanded to appear for a deposition, hearing or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve upon the party or attorney designated in the subpoena a written objection to inspection, copying, testing or producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where the compliance is required mush quash or modify a subpoena that:
        **(i)** fails to allow an reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or wavier applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably unable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If tat showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court for trhe district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.